

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 9, 2006

**FILED**

JUL 3 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ms. Danielle Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004

06cr170

Re: <u>Tara M. Wilson</u>

Dear Ms. Jahn:

This letter sets forth the full and complete plea offer to your client, Ms. Tara M. Wilson. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on June 14, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges**: Ms. Wilson agrees to waive Indictment and plead guilty to count two of a two-count Information which count charges a violation of 22 D.C. Code §§ 3221(a) and 3222(a)(1) (2001 ed.), Fraud in the First Degree, and aiding and abetting, 22 D.C. Code § 1805 (2001 ed.). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the United States District Court for the District of Columbia by Ms. Wilson. Ms. Wilson agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Wilson's actions and involvement in the offense. It is anticipated that during the Rule 11 plea hearing, Ms. Wilson will adopt and sign the Statement of the Offense as a written proffer of evidence. The government agrees to dismiss count one of the Information, which charges bank fraud, in violation of 18 U.S.C. § 1344, and aiding and abetting, 18 U.S.C. § 2, at the time of sentencing.

2. **Potential penalties, assessments, and restitution**: Ms. Wilson understands that the maximum sentence that can be imposed pursuant to 22 D.C. Code §§ 3221(a) and 3222(a)(1) (2001 ed.) and 16 D.C. Code § 710(b) (2001 ed.) is 10 years of imprisonment, a fine of $5,000 or 3 times the value of the property obtained or lost, whichever is greater, and/or a period of probation of not more than five years. In addition, your client agrees to pay a $100 special assessment to the Clerk

of the United States District Court for the District of Columbia prior to the date of sentencing. Notwithstanding the maximum sentence, Ms. Wilson understands that the sentence to be imposed in this case will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose.

Ms. Wilson further understands that if the Court imposes a sentence which is in any other way unsatisfactory to her, she cannot move to withdraw her guilty plea. This does not, however, limit Ms. Wilson's right to appeal an unlawful sentence.

3. **Financial Arrangements:** Ms. Wilson agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013. Ms. Wilson agrees to be jointly and severally liable with Sean Anthony Williams in Criminal No. 1:05CR472 in the United States District Court for the Eastern District of Virginia for restitution of the loss to First Union National Bank in this matter, that is, $94,786. Furthermore, Ms. Wilson agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

4. **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose Ms. Wilson's release pending sentencing, agrees not to oppose a sentence of probation, a condition of which would be home confinement, agrees not to oppose Ms. Wilson's voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Wilson continues to show her acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Wilson in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Wilson does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4) (2001 ed.). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Wilson.

5. **Bond Conditions:** Ms. Wilson understands that the Court is not obligated to follow any recommendation of the government regarding bond status and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards is not grounds for withdrawal from this agreement.

6. **Reservation of Allocution:** The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not

provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Wilson's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

7. **Breach of Agreement:** Ms. Wilson agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Ms. Wilson should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Wilson's release (for example, should Ms. Wilson commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Wilson's offense level or justify an upward departure – examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court – the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Wilson will not have the right to move to withdraw the guilty plea; (c) Ms. Wilson shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Wilson, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

In the event of a dispute as to whether Ms. Wilson has breached this agreement, and if Ms. Wilson so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

8. **Statute of Limitations Waiver:** Any prosecutions of the defendant arising out of the conduct that is the subject of the Information in this case that are not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Ms. Wilson knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

9.     **USAO-DC's Criminal Division Bound**:  Ms. Wilson understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Wilson.

10.    **Complete Agreement**:  No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Wilson, Ms. Wilson's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Wilson may indicate her assent by signing the agreement in the space indicated below and returning the original to us once it has been signed by Ms. Wilson and her counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: DANIEL P. BUTLER
ASSISTANT U.S. ATTORNEY

I have read this plea agreement and have discussed it with my attorney, Ms. Danielle Jahn. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading

guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: July 31, 2006

Ms. Tara M. Wilson
Defendant

I have read each page of this plea agreement, reviewed them with my client, Ms. Tara M. Wilson, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 7/31/06

Ms. Danielle Jahn
Attorney for Tara M. Wilson