UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 06-170-01 (RMC) |
| : | |
| v. : | |
| : | |
| TARA M. WILSON, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits in the above-referenced matter this memorandum in aid of sentencing of defendant Tara M. Wilson. As is discussed below, the government does not oppose a sentence of probation for defendant, a condition of which would be a term of home confinement. Further, the government requests that defendant be ordered, jointly and severally, to make restitution of $94,786 to First Union National (now Wachovia) Bank.[1]

## I. FACTUAL BACKGROUND

On June 15, 2006, the government filed a two-count Information charging defendant with, in the first count, bank fraud, in violation of 18 U.S.C. §§ 1344 and 2, and, in the second count, fraud in the first degree, in violation of 22 D.C. Code §§ 3221(a) and 3222(a)(1) and § 1805 (aiding and abetting). On July 31, 2006, defendant pleaded guilty to count two of the Information. Sentencing is now set before the Court on October 31, 2006, at 9:45 a.m.

According to the statement of offense filed in this matter and the Presentence Investigation Report ("PSR"), at pages 3-4, ¶ 7-12, both of which were agreed to by the defendant, PSR, at page 4, ¶ 15, defendant worked as a teller at First Union National Bank from in or about November of 2000

---

[1] Subsequent to defendant's criminal acts, First Union National Bank merged in 2001 with and became known as Wachovia Bank.

to in or about March of 2001. The funds of First Union National Bank were at all relevant times insured by the Federal Deposit Insurance Corporation.

While working at First Union National Bank, defendant had a discussion with a friend she knew from high school. The friend and others were involved in a counterfeit check writing scheme and the friend asked defendant for her assistance in that scheme. Defendant agreed to assist these individuals in their scheme.

Thereafter, defendant provided copies of corporate checks for ten or more corporations to the individuals involved in the check writing scheme. In late-February or early-March of 2001, the individuals involved in the check writing scheme came into the First Union National Bank where defendant worked to cash counterfeit checks that had been produced using the information provided to them by defendant. Each individual presented a picture identification in the name of the payee of the check. At least five separate individuals came into the bank with checks. After defendant finished work for the day, she met with the individuals involved in the scheme, who paid her $1,000 for her assistance in cashing the counterfeit checks.

The individuals involved in the check writing scheme came into First Union National Bank about four or five separate times. Defendant recalled being paid a total amount of $5,000 to $6,000 for her assistance in the scheme. Defendant spent the money she received either on herself or by giving it to others.

Defendant stopped cashing the counterfeit checks after she was questioned by First Union National Bank security and was then terminated from her job with the bank. In total, there were approximately 60 counterfeit checks passed through defendant as part of the scheme, for a total amount of approximately $94,786.

One of the individuals involved in the check writing scheme was Sean Anthony Williams. Mr. Williams owned a computer that was used by the individuals in the check writing scheme to print the counterfeit checks in Mr. Williams' home. Mr. Williams pleaded guilty in the United States District Court for the Eastern District of Virginia, Criminal No. 1:05CR472, in October of 2005. He pleaded guilty to a one-count information charging bank fraud, in violation of 18 U.S.C. § 1344 for his role in using these counterfeit checks at banks in the Washington, D.C., metropolitan area. Mr. Williams was sentenced on April 7, 2006, by Chief Judge Claude M. Hilton and ordered to make restitution to the banks defrauded.

## II. SENTENCING GUIDELINES

The United States Sentencing Guidelines are *not* applicable in this case in that the defendant pleaded guilty to a violation of the District of Columbia Criminal Code. PSR, at page 5, ¶ 16. Under the voluntary District of Columbia Sentencing Guidelines, however, defendant's offense level for count two is in Group 8 and her criminal history score is 0, which puts her in criminal history category A. *Id.*, ¶ 20, and page 9, ¶ 44. If the Court determines that a sentence of imprisonment is warranted, the relevant voluntary guidelines range is 6 to 24 months. *Id.*, at page 9, ¶ 44. Under the District of Columbia Sentencing Guidelines, defendant is eligible for a prison sentence, a short split sentence,[2] or probation. *Id.*, at page 10, ¶ 48.[3]

---

[2] A short split sentence is one in which the amount of prison time initially served on the sentence by a defendant is six months or less.

[3] If the defendant had pleaded guilty to count one, and received credit for acceptance of responsibility, her potential sentence under the United States Sentencing Guidelines would have been 12 to 18 months, in Zone D. PSR, at page 9, paragraph 45.

3

### III. RECOMMENDATION

The defendant used her position with First Union National Bank to help others steal this money from the bank and the corporations which kept their funds with the bank, and to be paid significant amounts of money for her assistance to those involved in the counterfeit check writing scheme. The theft occurred over a period of time and involved defendant providing the other individuals financial information on numerous corporations. Defendant, by her actions, engaged in serous criminal conduct and violated the confidence and trust put in her by her employer, as well as the trust the corporations had for the bank. Furthermore, the integrity of the banking system generally and the public's confidence in it depends, in large part, on the trustworthiness of its employees. Defendant has taken away from that sense of integrity and public confidence.

On the other hand, defendant quickly admitted her guilt and agreed to make restitution. Moreover, defendant was only nineteen years old when she committed these criminal acts and, but for these acts, although she is now twenty-five years old, had no criminal record.

Accordingly, in light of all of the circumstances discussed above, the government in the plea letter "agree[d] not to oppose a sentence of probation, a condition of which would be home confinement[.]" Plea letter, filed July 31, 2006, at page 2, ¶ 4. Furthermore, as part of the plea, defendant agreed to be jointly and severally liable with Sean Anthony Williams in Criminal No. 1:05CR472 in the United States District Court for the Eastern District of Virginia for the restitution to First Union National (now Wachovia) Bank of $94,786. Plea Letter, at page 2, ¶ 3; PSR, at page 3, ¶ 5, and page 11, ¶ 54. The government respectfully requests that the Court order the defendant

to pay that amount of restitution jointly and severally. It does not appear, however, that defendant has the ability to pay a fine. PSR, at page 9, ¶ 41.

          Respectfully Submitted,

          JEFFREY A. TAYLOR
          UNITED STATES ATTORNEY
          D.C. Bar Number 498610

By:      / s /

          DANIEL P. BUTLER
          D.C. Bar #417718
          Assistant U.S. Attorney
          555 4th Street, N.W.
          Washington, D.C. 20530
          (202) 353-9431
          Daniel.Butler@usdoj.gov