# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Cr. No. 06-170 (RMC)** |
| | : | |
| **TARA M. WILSON,** | : | |
| | : | |
| **Defendant** | : | |

_____

## SENTENCING MEMORANDUM

On July 31, 2006, Ms. Tara Wilson, the defendant, pled guilty to Count Two of the Information filed in this case, charging her with First Degree Fraud, in violation of 22 D.C.C. § 3221(a)(1) and 3222(a)(1). She will appear before this Honorable Court for sentencing on October 31, 2006. Ms. Wilson, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

## Background

Ms. Wilson is a twenty-five year old woman and a single parent of her three year old daughter. At the time of her involvement in the instant offense, Ms. Wilson was an impressionable nineteen year old who had never been involved with the criminal justice system. As stated in the Pre-Sentence Report, Ms. Wilson was employed as a bank teller at First Union National Bank from November 2000 until her termination in March 2001. Several months after Ms. Wilson was terminated from the bank, she was contacted by law enforcement officials about her criminal involvement relating to the cashing of checks. She voluntarily appeared, without the assistance of an attorney, at the Washington Field Office of the F.B.I. and was extremely candid, cooperative, and admitted her responsibility for her role in this offense. She met with members of the F.B.I. on numerous occasions over the years, in order to provide information and identify

others involved in the scheme.

## **Argument**

As stated in the PreSentence Report, the United States Sentencing Guidelines do not apply in this case because Ms. Wilson pled guilty to a D.C. Code offense. At the time this offense was committed there were no guidelines under the D.C. Code. Currently, however, the D.C. Code has voluntary guidelines which are not binding on this Court. According to the current D.C. Guidelines, based upon a criminal history category of zero and an offense level of nine,[1] the applicable guideline range is one to twelve months. A sentence of probation is permissible given this D.C. Guideline calculation. Therefore, Ms. Wilson requests that she be given a sentence of probation.

Regardless of the non-binding D.C. Guidelines on this Court, this Court must consider the factors identified in 18 U.S.C. § 3553(a) in determining a reasonable sentence for Ms. Wilson. The factors set forth in 18 U.S.C. § 3553(a) include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

---

[1] There is an error in the PSR in ¶ 44. This error is not material, in that, the current D.C. guidelines were not in force at the time this offense was committed. The PSR should reflect that based upon a Group 9 Offense and a Criminal History Score of 0, the range of imprisonment is 1 to 12 months, whereby prison, short split, or probation are permissible.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)).  Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.**  (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]."  18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence of probation would be warranted in this matter, and that a sentence of imprisonment would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2).  The Court should consider Ms. Wilson's family history, work history, lack of any criminal history, her candid admissions regarding the instant offense, in addition to her on-going cooperation with law enforcement officials for over five years.  Further, the Court should consider the sum of restitution in this case - approximately $94,786.00, which is jointly and severally liable with Sean Williams in Criminal No. 05-CR-472.  If Ms. Wilson is given any term of incarceration she will be unable to provide restitution to the bank in a timely fashion - if at all.  The need to provide restitution shall be considered by this Court pursuant to § 3553 (a)(7) in determining an

appropriate sentence for Ms. Wilson.

Sentencing Ms. Wilson to a term of probation is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Ms. Wilson with needed educational or vocational training and medical care" while also allowing Ms. Wilson to repay First Union National Bank for her wrongdoing.  See 18 U.S.C. § 3553(a).

## Conclusion

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Ms. Wilson respectfully submits that a sentence of probation is adequate to promote the relevant sentencing objectives at issue in this case.


_____Respectfully submitted,


__/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C.  20004
(202) 208-7500